Anthony Cellucci, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Telephone: 516-280-7675
acellucci@raslg.com

United States District Court
Eastern District of New York

---

Plaza Home Mortgage, Inc.,

                        Plaintiff,

      -against-

Joshua Greenblatt; New York City Parking Violations Bureau; New York City Environmental Control Board; New York City Transit Adjudication Bureau,

"John Doe #1" through "John Doe #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien   upon the premises, described in the complaint,

                        Defendant(s).

---

Civil Action No.  26-CV-04231

**COMPLAINT**

Plaintiff, Plaza Home Mortgage, Inc., ("Plaintiff") by and through its attorneys, Robertson, Anschutz, Schneid, Crane & Partners, PLLC as and for its Complaint of foreclosure of the premises and mortgage against Defendants, Joshua Greenblatt, New York City Parking Violations Bureau, New York City Environmental Control Board, and New York City Transit Adjudication Bureau (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1.      This is an action brought pursuant to New York Real Property Actions and

26-428705 - NiA

Proceedings Law, Section 1301 *et seq.,* to foreclose on a mortgage encumbering the property commonly known as 19837 Epsom Course, Hollis, New York 11423; known on the Queens County Tax Map as Block 10528, Lots 31 & 34 in the County of Queens, and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as ***Exhibit "A"***.

## PARTIES

2. Plaza Home Mortgage, Inc., is a corporation organized under the laws of the State of California with its principal place of business in the State of California. It is a citizen of California.

3. Joshua Greenblatt, is a resident and citizen of the State of New York, with a place of domicile at 19837 Epsom Course, Hollis, New York 11423. Joshua Greenblatt, is a necessary party defendant to this action by virtue of the fact that he is a record owner of the subject property and obligor of the Note and Mortgage being foreclosed. Evidence of the defendant's domicile is annexed hereto as ***Exhibit "B"***.

4. New York City Parking Violations Bureau, is a government agency of the State of New York, with a principal place of business at 100 Church Street, 4th Floor, New York, New York 10007. New York City Parking Violations Bureau, is a necessary party defendant to this action by virtue of lien(s) docketed in the County Clerk's Office copies of which are attached. To the extent that the judgments are not attached, named as a party defendant because some docket books are missing from the county clerk's office and they may have an interest in the property being foreclosed.

5. New York City Environmental Control Board, is a government agency of the State of New York, with a principal place of business at 100 Church Street, 4th Floor, New York, New York 10007. New York City Environmental Control Board, is a necessary party defendant to this

26-428705 - NiA

action by virtue of lien(s) docketed in the County Clerk's Office copies of which are attached. To the extent that the judgments are not attached, named as a party defendant because some docket books are missing from the county clerk's office and they may have an interest in the property being foreclosed

6. New York City Transit Adjudication Bureau, is a government agency of the State of New York, with a principal place of business at 130 Livingston Street, Brooklyn, New York 11201. New York City Transit Adjudication Bureau, is a necessary party defendant to this action by virtue of lien(s) docketed in the County Clerk's Office copies of which are attached. To the extent that the judgments are not attached, named as a party defendant because some docket books are missing from the county clerk's office and they may have an interest in the property being foreclosed

7. The John Doe Defendants are persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Subject Property.

8. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

9. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

10. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial

26-428705 - NiA

part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## FACTUAL BACKGROUND

11.    (a) On December 23, 2024, Joshua Greenblatt, executed a Note to Plaza Home Mortgage, Inc., for $322,900.00. On December 23, 2024, Joshua Greenblatt, executed a Mortgage in the principal amount of $322,900.00 and interest to Mortgage Electronic Registration Systems, Inc. as nominee for Plaza Home Mortgage, Inc. The applicable mortgage tax was paid.  Said Mortgage was recorded on January 07, 2025, in Queens County in CRFN: 2025000005944 ("Mortgage").  A copy of the Note is annexed as *Exhibit "C"* and a copy of the Mortgage is annexed as *Exhibit "D".*

(b) Said Mortgage was assigned to the Plaintiff by Assignment of Mortgage as reflected in the Schedule of Assignments annexed as *Exhibit "E"*.  A copy of said Assignment of Mortgage is also annexed as *Exhibit "E".*

12.    Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

13.    Plaintiff is the owner and holder of said Note and Mortgage or has been delegated the authority to institute a mortgage foreclosure by the owner and holder of the said Note and Mortgage.

14.    Joshua Greenblatt, failed to comply with the terms and provisions of the said Mortgage and said instrument(s) secured by the Mortgage, by failing to make the Monthly Payments due on July 01, 2025, and the default continues to date.

15.    Plaintiff has complied with all contractual conditions precedent including the service of a 30-day notice to cure.

26-428705 - NiA

16.     Plaintiff hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable.

17.     Plaintiff has complied with RPAPL §1304 and RPAPL §1306. Copies of the 90 day notices and the proof of filing statement(s) are annexed hereto as *Exhibit "F"*.

18.     Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a of the Banking Law and any rules and regulations promulgated thereunder, and Section 6-1 or 6-m of the Banking Law and RPAPL §1304, except where it is exempt from doing so.

19.     As of the date herein, the Defendants have failed to cure the above-described default.

20.     Due to the above-described default, the Defendants are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

   a.     The unpaid principal amount due under the Note, $322,050.00 (Three Hundred Twenty Two Thousand Fifty Dollars) together with all accrued and unpaid interest, late charges and other fees and costs permitted by the Note and Mortgage;

   b.     Attorney's fees and other costs and disbursements, payable to Plaza Home Mortgage, Inc., under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

   c.     Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

21.     Plaintiff requests that in the event that this action will proceed to judgment of

26-428705 - NiA

foreclosure and sale, said premises should be sold subject to the following:

      a.      Any state of facts that an inspection of the premises would disclose.

      b.      Any state of facts that an accurate survey of the premises would show.

      c.      Covenants, restrictions, easements and public utility agreements of record, if any.

      d.      Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

      e.      Any right of tenants or person in possession of the subject premises.

      f.      Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

      g.      Prior lien(s) of record, if any.

22. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiffs cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

23. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

24. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof, or if any such action is pending, a final

26-428705 - NiA

judgment was not rendered in favor of Plaintiff and such action is intended to be discontinued.

**WHEREFORE,** the Plaintiff demands judgment that the Defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this Complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of plaintiffs Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that the Defendant, Joshua Greenblatt, may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court or waived by plaintiff), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiffs cause(s) of

26-428705 - NiA

action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: July 8, 2026

Yours, etc.

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Plaintiff

*/s/ Anthony Cellucci, Esq.*

_____
Anthony Cellucci, Esq.
900 Merchants Concourse, Suite 310
Westbury, NY 11590
516-280-7675

26-428705 - NiA

United States District Court
Eastern District of New York

Plaza Home Mortgage, Inc.,

Plaintiff,

- against –

Joshua Greenblatt; New York City Parking Violations Bureau; New York City Environmental Control Board; New York City Transit Adjudication Bureau,

"John Doe #1" through "John Doe #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien   upon the premises, described in the complaint,

Defendants.

# COMPLAINT

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
*Attorneys for Plaintiff*
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Phone: 516-280-7675

26-428705 - NiA